911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re SOUTHERN INDUSTRIAL BANKING CORPORATION, doing
business as Daveco, Debtor.
Thomas E. DUVOISIN, Liquidating Trustee, Plaintiff-Appellant
Cross-Appellee,
v.
KENNERLY, MONTGOMERY, HOWARD AND FINLEY, a General
Partnership, Defendant-Appellee Cross-Appellant,
W.W. Kennerly, Lewis S. Howard, Robert A. Finley, C.A.
Ridge, Jr., L. Anderson Galyon, III, Darryl G. Lowe, Thomas
C. Cravens, III, Alexander M. Taylor, Jack M. Tallent, II,
Wendell Thomas, Jr., Mary Montgomery, Executrix of the
Estate of George D. Montgomery, Defendants-Appellees,
United States of America, Intervenor-Appellee.
 Nos. 90-5840, 90-5842.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1990.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals (Case No. 90-5840), and the defendants cross-appeal (Case No. 90-5842) the district court's decision rendered on appeal from the bankruptcy court. The defendants now move to dismiss the appeal on grounds that the order of which the plaintiff seeks review is not a final judgment pursuant to Fed.R.Civ.P. 54 and the order has not otherwise been certified for interlocutory appeal. The plaintiff has not responded to the substance of the motion, but moves for dismissal of the cross-appeal in the event his appeal is dismissed.
 
 
 2
 The district court order of which the parties seek review affirms certain of the bankruptcy court's findings, remands to the bankruptcy court for further fact findings relating to the amount of the judgment, and withdraws the reference from the bankruptcy court of certain malpractice and related tort claims arising from the same transactions. A district court order which remands to the bankruptcy court for a factual determination on an issue central to the case is not immediately appealable. In re: Gardner, 810 F.2d 87, 91 (6th Cir.1987); see also United States v. Arnold, 878 F.2d 925, 926 n. 2 (6th Cir.1989). In the instant case the bankruptcy court's findings are central to the case.
 
 
 3
 It is therefore ORDERED that the motions to dismiss the appeal and the cross-appeal are granted.